BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Luckett

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>        Plaintiff,                              )<br>                                                              )<br>        v.                                          )<br>                                                              )<br>D'MARQUES LUCKETT,                 )<br>                                                              )<br>        Defendant.                           )<br>_____) | No. CR 07-00589 PJH<br><br>DEFENDANT'S<br>SENTENCING<br>MEMORANDUM<br><br><br><br><br>**Hearing Date**: Wed. April 16, 2008 |

**Introduction**

Without motions and before setting a trial date, young D'Marques Luckett entered into a straightforward plea agreement with the government for a sentence at the low-end of the guideline range: fifty-seven months of custody with three years of supervised release to follow. In a thoughtful presentence report the Office of Probation concurs, and recommends the sentence jointly urged by the parties.

Mr. Luckett would respectfully request that the Court impose the sentence jointly recommended by the parties and Probation.

**Discussion**

In one respect, the matter before the Court is a perfect representative of the routine, "typical" federal case in this district. The indictment contained a single Section 922(g) charge against Mr. Luckett, with no allegations of any violence or use of the weapon. The plea agreement is squarely within the guideline range, and does not "creatively" interpret any guideline provisions to arrive at the figure urged.

In another sense, however, this is a remarkably atypical case. D'Marques Luckett has had a childhood marred abandonment and a foster care that ultimately lead to – or at least aggravated – severe mental health problems. *See* PSR at 11 ¶ 51. As the defendant bluntly but accurately described his childhood, "the system" raised him from the ages of six to eighteen. *Id.* at 12 ¶ 51.

As a child, D'Marques Luckett was repeatedly committed after suicide attempts – one when he was as young as eight. *Id.* at 13 ¶ 58. His suicidal ideation is understandable: medical records reveal that before he was three, he was "often exposed to domestic violence." *Id.* at 13 ¶ 59. He has been diagnosed with ADHD, dysthmyia, bipolar disorder, major depression, and depressive disorder not otherwise specified. *Id.* at 14 ¶ 59. Because of his mental illness he is on disability. *Id.* at 15 ¶ 66.

As is true of many sufferers of mental illness – and particularly bipolar disorder – Mr. Luckett self-medicates. He candidly described his experimentation and addiction to a number of drugs and alcohol, and specifically, to marijuana. *Id.* at 15 ¶ 62. He has requested that he be referred to the Bureau of Prisons RDAP 500-hour drug treatment program to help him deal with his addiction. *Id.* at 15 ¶ 63.

Putting Mr. Luckett's traumatic childhood and extensive mental illness aside, the disposition now urged by the parties is a fair resolution and is squarely within the guideline "heartland." In light of the unique challenges faced by this defendant, however, and his extraordinarily difficult childhood, the negotiated low-end disposition is particularly appropriate and achieves the Section 3553(a) requirement of a sentence "not greater than necessary" to achieve the goals of the Sentencing Reform Act. *See* 18 USC § 3553(a).

## Conclusion

For the foregoing reasons, the defense respectfully requests that the Court impose the sentence recommended by the parties in the written plea agreement and by the Office of Probation, and asks that the Court recommend that Mr. Luckett participate in the Bureau of Prison residential drug treatment program.

Dated: April 7, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s

STEVEN G. KALAR
Assistant Federal Public Defender