JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone:  (415) 436-6488
   Fax:  (415) 436-7234
   Email: Derek.Owens@usdoj.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D'MARQUES ANTHONY LUCKETT, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | No. CR 07-0589 PJH <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Hearing: April 16, 2008 <br> Time: 1:30 p.m. <br> Courtroom: 3, 17th Floor <br> Hon. Phyllis J. Hamilton |

I. INTRODUCTION

On January 23, 2008, defendant D'Marques Anthony Luckett pled guilty to one count of being a Felon in Possession of a Firearm, each in violation of 18 U.S.C. § 922(g)(1). This Court has set April 16, 2008, at 1:30 p.m. as the date for judgment and sentencing. The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations, any objections to the presentence report ("PSR"), and its sentencing recommendation.

## II. BACKGROUND

A.  <u>Defendant's Offense Conduct.</u>

On July 25, 2007, at approximately 8:47 p.m., officers with the San Francisco Police Department observed Andre Johnson ("Johnson") with D'Marques Luckett ("Luckett"), standing near the corner of Third Street and Palou Avenue, in San Francisco. The officers had observed Johnson numerous times during that week loitering on that same corner, and they knew Johnson to be on active parole. The officers made contact with him to conduct a parole search. Upon approach, Johnson and Luckett began to walk northbound on Third Street. One officer shouted and instructed Johnson to stop, but Johnson began to walk away at a quicker pace. After the officer was able to apprehend and gain control of Johnson, a pistol dropped to the ground from Johnson's person.

While that was transpiring, another officer noticed that the barrel of a shotgun was protruding from the left sleeve of Luckett's jacket. The officer immediately apprehended him and took control of the shotgun.

After being arrested, Luckett gave a video-taped statement to the police. In his statement he confessed to possessing the shotgun, and explained that he had possessed it for approximately four days for his protection.

## III. SENTENCING GUIDELINES CALCULATIONS

A.  <u>Offense Level Computation and Criminal History Computation</u>
   1.  Base Offense Level, U.S.S.G. § 2K2.1(a)(2):              24
   2.  Specific offense characteristics:                         0
   3.  Acceptance of Responsibility, U.S.S.G. § 3E1.1:          -3
   4.  Adjusted offense level:                                  21

The parties have agreed to the adjusted offense level of 21 based on the above computation. The government concurs with the computation by U.S. Probation that includes a total number of criminal history points of 9, and a Criminal History Category of IV.

IV. ARGUMENT

THE COURT SHOULD IMPOSE A SUBSTANTIAL CUSTODIAL SENTENCE.

The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2). *United States v. Carty*, --- F.3d ----, 2008 WL 763770, March 24, 2008.

At sentencing, the Court must begin by determining the applicable Guidelines range. The range must be calculated correctly. *Id*. In this sense, the Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S.Ct. 558, 574 (quoting *United States v. Gall*, 128 S.Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6.

After hearing from the parties' positions, the district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S.Ct. at 596-97 n. 6.

A.   <u>The Defendant Has Earned A Sentence of 57 Months in Custody.</u>

The Guideline range for the offense conduct is 57-71 months. The government recommends a low-end sentence of 57 months in custody. The defendant's conduct is very serious and 57 months in custody represents a reasonable and appropriate sentence for his actions. He has earned this substantial custodial sentence for the following reasons:

1.   <u>"the history and characteristics of the defendant"</u> 18 U.S.C. § 3553(a)(1)

The three-year period prior to defendant's arrest on this charge reflects a profound criminal history. Since April of 2004, he has been arrested eleven times and sustained at least five convictions. Most of these are for serious crimes like robbery, theft, burglary, threats, resisting arrest, and trespassing. The 2005 robbery conviction involved the forcible theft from a pedestrian victim on Mission Street, between Third and Fourth Streets. PSR ¶34. The victim was struck in the face and had his laptop stolen by a group that included defendant. Id. The 2006 burglary conviction involved the defendant and Andre Johnson breaking into a dwelling at night and attempting to steal items from the homeowner. PSR ¶36. The victim awoke while one of the burglars were going through his nightstand. Id. This is a serious criminal history, and keeping a firearm out of the hands of someone with such a history and characteristics is clearly in the interests of society.

2. "the nature and circumstances of the offense" 18 U.S.C. §3553(a)(1)

The instant offense was committed while defendant was on parole, and less than three months after he was sentenced for the 2005 robbery and the 2006 burglary. The restriction that he violated is a simple one: defendant is prohibited from possessing a firearm. While violating this simple restriction, he was out with another convicted felon who possessed a firearm, Andre Johnson. These circumstances and the nature of this offense are disturbing and should be taken seriously by this Court when imposing a sentence.

3. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense" 18 U.S.C. §3553(a)(2)(A)

The Court should find that a substantial period of custody is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As stated above, the instant offense occurred less than three months after he was sentenced for separate burglary and robbery charges, and while under supervision. These actions show defendant's disregard for the supervision restrictions that are placed on him and also his lack of respect for the rule of law.

4. "<u>to protect the public from further crimes of the defendant</u>" 18 U.S.C. § 3553(a)(2)(C)

As noted above, the defendant has a violent and reckless track record over the past three years, and combined with the possession of a firearm creates a dangerous concoction that is a threat to the community. A substantial custodial sentence should be imposed to protect the public from the further crimes of the defendant.

5. "<u>to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment</u>" 18 U.S.C. § 3553(a)(2)(D)

There is no denying that defendant's family life, upbringing, and mental health condition have created challenges that the average person will never face. The Court should take these factors into account pursuant to § 3553(a)(2)(D) in crafting a sentence in this case. That said, those circumstances cannot serve as a discount or a reason to ignore defendant's criminal behavior and his lack of respect for the rule of law. Keeping a firearm out of the hands of a person with his history is clearly in the interests of society. For someone with such a character to ignore this law is a major offense, and the public is at risk everyday this person chooses to violate this law. By imposing a substantial period of confinement, the Court will send a message to address the seriousness of the offense, promote respect for the law, and provide just punishment.

## VI. CONCLUSION

For the reasons set forth above, the government stands by the agreement of the parties and joins the U.S. Probation Officer in recommending the Court impose a low-end sentence of 57 months in custody followed by three years of supervised release.

DATED: April 9, 2008                                Respectfully submitted,

                                                    JOSEPH P. RUSSONIELLO
                                                    United States Attorney

                                                    /s/ Derek R. Owens
                                                    DEREK R. OWENS
                                                    Assistant United States Attorney

CR 07-0589 PJH                    5